# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT SCHUTZA,<br><br>        Plaintiff,<br><br> v.<br><br>WALTER E. FIELDER, INC.;<br>AVIAN AND EXOTIC ANIMAL<br>HOSPITAL, Inc., *et al.*,<br>        Defendants. | Case No. 18-cv-0257-BAS-LL<br><br>**ORDER GRANTING PLAINTIFF ATTORNEYS' FEES, COSTS, AND POST-JUDGMENT INTEREST** |

  On August 20, 2019, Plaintiff Scott Schutza requested the Court enter judgment pursuant to Federal Rule of Civil Procedure 68(a). (ECF No. 32.) Defendants had provided Plaintiff with an offer to allow judgment on specified terms, and Plaintiff accepted the offer. (ECF Nos. 32-1 and 32-2.) The Court entered judgment per the terms of Defendants' offer, (ECF No. 32-1). (ECF No. 33.)

  On October 3, 2019, Plaintiff filed an application for writ of execution, requesting an additional $721.00 in fees and costs. (ECF No. 35.) Defendants objected to the bills and costs, arguing that Defendants' offer (which Plaintiff had

accepted) provides that Plaintiff is not entitled to recover costs or attorney fees. (ECF No. 36.) Defendants asked the Court to disregard the memorandum of costs or delay ruling on it until defense counsel confirmed that the judgment had been satisfied in full. The Clerk then issued a writ of execution. (ECF No. 37.) Out of an abundance of caution and due to lack of clarity of what the parties were seeking, the Court vacated the writ of execution and asked the parties to provide more information.

Defendants responded and now attest that judgement has been satisfied. A check of $5,600 has been delivered to Plaintiff's counsel and Defendants have also satisfied all other conditions of the judgment. (ECF No. 41.) Defendants do not state when they sent the check. Plaintiff states that at the time he filed the writ of execution, payment had not been made despite Plaintiff's counsel requesting it two times, and "was left with no choice but to seek enforcement of the judgment." Plaintiff requests he be awarded the costs and fees he and his counsel incurred in receiving the now-paid judgment. (ECF No. 42.)

It is clear to the Court that Defendants' offer, which was accepted by Plaintiff, does not allow Plaintiff to receive additional attorney's fees and costs incurred up to that point. (*See* ECF No. 32-1, at 2 ("Defendants will pay $5,600 to Plaintiff, an amount which includes all attorney's fees and costs which Plaintiff might be entitled to recover under any of the causes of action pleaded in his complaint in this action.").) However, Plaintiff is now seeking fees incurred post-judgment. The offer "resolve[d] all of Plaintiff's claims in this action," (*id.*) but could not resolve any future costs Plaintiff would incur seeking enforcement of the judgment. Therefore, the Court rejects Defendants' argument that Plaintiff may not receive post-judgment fees and costs pursuant to the offer.

I. **LEGAL STANDARD**

In an action involving state law claims, the Court applies the law of the forum state to determine whether a party is entitled to attorneys' fees, unless that law conflicts with a valid federal statute or procedural rule. *MRO Commc'ns, Inc. v. Am.*

*Tel. & Tel. Co.*, 197 F.3d 1276, 1282 (9th Cir. 1999). California's Enforcement of Judgments Law ("ELJ"), codified as California Code of Civil Procedure section 680.010 *et seq.*, is a comprehensive statutory scheme governing the enforcement of all civil judgments in California. *Bisno v. Kahn*, 225 Cal. App. 4th 1087 (2014). The EJL provides that a "judgment creditor is entitled to the reasonable and necessary costs of enforcing a judgment." Cal. Civ. Proc. Code § 685.040.

Pursuant to California Code of Civil Procedure sections 685.040 and 1033.5(a)(10) and California Civil Code section 1717, a party may recover attorneys' fees incurred in enforcing a judgment when the judgment creditor was entitled to attorneys' fees in the underlying action pursuant to Civil Code section 1717. *Carnes v. Zamani*, 488 F.3d 1057, 1060 (9th Cir. 2007).

## II.  ANALYSIS

**Attorneys' Fees.** Plaintiff's complaint was brought under the Americans with Disabilities Act and California's Unruh Act. Courts may award attorneys' fees to a prevailing plaintiff under both Acts. *See* 42 U.S.C. § 12205; Cal. Civ. Code § 52(a). Therefore, because Plaintiff was entitled to attorneys' fees in the underlying action, he may seek attorneys' fees incurred in enforcing judgment.

The judgment creditor may seek to recover attorneys' fees incurred in enforcing a judgment by either filing a memorandum of costs or by serving a noticed motion. Under either section, the judgment creditor must request post-judgment attorneys' fees before the underlying judgment is fully satisfied. *Carnes*, 488 F.3d at 1060; Cal. Civ. Proc. Code §§ 685.070(b); 685.080(a). Here, Plaintiff filed a memorandum of costs before Defendants filed a satisfaction of judgment. (*See* ECF Nos. 35-2, 41.)

Normally, a defendant files a motion to tax costs after the plaintiff files a memorandum of costs. "However, there is no statute requiring the filing of a motion to tax costs. The filing of objections to a memorandum of costs may be deemed a motion to tax costs where the motion was timely, and each item in the objections

corresponds to each successive line in the other party's cost memorandum." William Lindsley, California Jurisprudence 3d, 16 Cal. Jur. 3d Costs § 96 (2019). Here, because Defendants timely filed an objection which made clear they were objecting to the requested $675 in attorney's fees, the Court will construe the objection as a motion to tax costs.

Plaintiff's counsel declares he spent 1.5 hours of post-judgment work on this matter including preparing the abstract, performing research, and preparing the filing. (ECF No. 35-3, ¶ 12.) Counsel declares his hourly rate is $450/hour. (*Id.* ¶ 13.) Therefore, Plaintiff requests $675 in fees. Defendants object, arguing counsel's proposed hourly rate and the time spent on the post-judgment work is not reasonable.

"District courts must calculate awards for attorneys' fees using the 'lodestar method,' and the amount of that fee must be determined on the facts of each case." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008). The reasonable hours expended in this litigation must be multiplied by a reasonable hourly rate to determine the lodestar amount. To determine the reasonableness of hourly rates claimed, the court looks to the "prevailing market rates in the relevant community," *Blum v. Stenson*, 465 U.S. 886, 895 (1984), for "similar work performed by attorneys of comparable skill, experience, and reputation." *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210–11 (9th Cir. 1986). The relevant community is generally the forum in which the district court sits. *Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997).

Plaintiff's counsel Mr. Dennis Price provides no explanation as to why his hourly rate is reasonable. The Court has no information regarding counsel's skill or experience that would allow the Court to determine whether counsel's hourly rate is commensurate with the rates charged by other attorneys of comparable skill and experience practicing in San Diego during the relevant time period. *See Jordan v. Multnomah Cnty.*, 815 F.2d 1258, 1261–63 (9th Cir. 1987) ("The fee applicant has the burden of producing satisfactory evidence, in addition to the affidavits of its

counsel, that the requested rates are in line with those prevailing in the community for similar services of lawyers of reasonably comparable skill and reputation."). Counsel has frustratingly provided no details and has thus forced the Court to conduct its own research to resolve this issue.

Recently, the Northern District of California found than an hourly rate of $300 to be appropriate for Mr. Price. *See Johnson v. AutoZone, Inc.*, No. 17-cv-2941-PJH, 2019 WL 2288111, at *7 (N.D. Cal. May 29, 2019). Further, Mr. Price recently filed a declaration in the Central District of California, wherein he stated his hourly rate was $350. *See Love v. MJV Real Estate, LLC*, EDCV 18-975 JGB (SPx), 2019 WL 3243733, at *6 n.3 (C.D. Cal. April 10, 2019). Counsel's attempt to receive fees at a higher rate here without providing any support for this request is not appreciated. The Court is also familiar with hourly rates in this district. After considering this information, and given counsel's own conflicting declarations filed in various cases, the Court finds the rate of $300/hour is appropriate for Mr. Price. The Court awards a total of $450 in attorney's fees for the 1.5 hours spent on post-judgment matters.

**Costs.** Plaintiff requests $46.00 in costs for "preparing and issuing abstract of judgment." Defendants do not object to these costs. *See Chamberlin v. Charat*, No. 13-cv-32-WVG, 2017 WL 3783773, at *3 (S.D. Cal. Aug. 31, 2017 (awarding costs for preparing, issuing, and recording an abstract of judgment).) The Court awards $46.00 in costs.

**Interest.** Interest accrues at the rate of ten percent per annum on the principal amount of a money judgment remaining unsatisfied. Cal. Code Civ. Proc. § 685.010. Interest begins accruing on the date of entry of the judgment. Cal. Code Civ. Proc. § 685.020(a). Plaintiff has calculated a rate of $0.27 cents per day, and although it is not entirely clear how Plaintiff reached this number, Defendants do not object to Plaintiff's calculation. Judgment was entered on August 21, 2019 and was satisfied on October 8, 2019. (ECF No. 41.) Therefore, the Court awards $12.96 in interest for the 48 days.

1  **III.  CONCLUSION**

2       In sum, the Court awards Plaintiff a total of $508.96 in post-judgment costs,

3  fees, and interest.

4       **IT IS SO ORDERED.**

5

6  DATED:  October 18, 2019

7                                             Hon. Cynthia Bashant
                                              United States District Judge